[No. 19376.    Department Two.—July 24, 1894.]

## F. W. CONRAD ET AL., RESPONDENTS, v. THE ARROWHEAD HOT SPRINGS HOTEL COMPANY ET AL., APPELLANTS.

WATER RIGHTS—POLLUTION OF STREAM BY RIPARIAN OWNER—SUBSEQUENT APPROPRIATION.—Where a hotel company, which is a riparian owner upon an unnavigable stream, has, for a period of ten years, drained its refuse matter by means of sewers and pipes into the stream, whereby the waters thereof have been polluted so that they are unfit for drinking or any domestic purpose, a subsequent locator who diverts the water from the stream at a point below the hotel, for domestic purposes, and for the irrigation of nonriparian lands, cannot complain of the pollution of the stream.

ID.—RIGHTS OF APPROPRIATORS.—Locators and appropriators of the waters of a stream have no rights antecedent to the date of their location; and, if others have, prior to their location, decreased the quantity of the water flowing in the stream, or caused a deterioration of its quality, the subsequent locator cannot complain.

ID.—NUISANCE—EQUALITY OF RIGHTS—PRIORITY OF USER OF STREAM.—The rule that a person who constructs a drain or cesspool upon his own premises, and uses it for his own purposes, is bound to keep the filth collected there from becoming a nuisance to his neighbors, applies between parties who have equal rights to the enjoyment of their own property, but does not apply in the case of appropriators of running water where there is no mutuality of right, and their titles or rights are not coextensive as to time, or equal in rank; but the second appropriator simply takes the residuum in quality, subject to the changed conditions existing by reason of the prior user.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion.

*H. C. Rolfe,* and *Chapman & Hendrick,* for Appellants.

*Rowell & Rowell,* for Respondents.

Searls, C.—This action was brought to abate a private nuisance, and for a perpetual injunction against its continuance.

Plaintiffs had judgment granting them a perpetual injunction, and for nominal damages. Defendants moved for a new trial, which was refused.

Two separate appeals are taken; one from the final judgment, and the other from the order denying a new trial. Both appeals are elucidated by the same transcript.

There is also a separate appeal in the same case (No. 19193), from an order refusing to dissolve a preliminary injunction issued in the cause, the result of which depends upon the decision of the other appeals, which will be considered together.

Plaintiffs are the owners of certain tracts of non-riparian lands in the county of San Bernardino, forming a part of a larger tract known as the "Orange Grove tract."

Defendant, the Arrowhead Hot Springs Hotel Company (a corporation), is, and it and its grantors have been since 1882, the owners in fee of a tract of land situate upon both sides of, and including the bed and banks of, East Twin creek, an unnavigable stream, which lands, the court finds, "are, and from time immemorial have been, riparian to said creek and its flow."

There are upon the lands of said defendant a large number of springs, hot, cold, and medicinal, and also what are designated as mud baths.

Defendant has upon said land, and for ten years prior to the commencement of this action had, a hotel thereon as a resort for invalids, with bath-houses, mud baths, etc., all of which are used for the entertainment of guests and treatment of invalids generally, whether suffering from rheumatic troubles, diseases of the blood, or other

diseases. During all of said ten years defendant has discharged from his kitchen, bath-houses, hotel, privies, etc., the drainage and accumulation of filth and refuse matter therein accumulating, by means of sewers, pipes, etc., into certain ravines contiguous thereto, from and through which ravines it flows by natural channels into and down East Twin creek, and pollutes the waters thereof so that they are unfit for drinking or for any domestic purpose.

Plaintiffs have a ditch which diverts the water from East Twin creek about one-half mile below where defendant discharges its sewage into the stream, by which, and a pipe line connected therewith, they conduct the water of said creek to their land for domestic purposes and for irrigating their land.

Plaintiffs aver, and the court finds, that they had been using, and had a right for one year before the commencement of this action to use, the water of the creek for irrigation and domestic purposes upon their land.

There is no allegation or finding as to the date of construction of the ditch through which plaintiffs take the water from the creek, or the source or origin or character of their right thereto.

The evidence shows that in 1887 John Hancock conveyed the land now owned by plaintiffs to certain grantees, and in his deed of conveyance included "all the right, title, and interest of John Hancock, the party of the first part therein, in and to the waters of East Twin creek, and its tributaries acquired either by appropriation or otherwise, and then owned or held by him as riparian proprietor of the lands aforesaid, or otherwise. Also ditches held by him or to which he was entitled, and a right of way for said ditches and such pipe line as the grantees desired to construct over a tract of land held by the grantor on East Twin creek as a timber culture claim," reserving to the grantor five inches of water to be taken from the ditch, which it recites was constructed in 1885, and is say one mile in length. Plaintiffs have constructed a pipe line from the end of

the ditch to their several lots of land for a distance of say one-half mile.

The ditch through which the water furnished to plaintiffs' land is diverted and conducted thereto taps East Twin creek, so far as can be determined from the record, about one mile above the "Orange Grove tract" of land. Defendants in their answer plead a prescriptive right to the use of East Twin creek as a place of deposit for the refuse from their hotel, baths, etc.

There was evidence to show that until a period within four years next before July 19, 1892, the land of plaintiffs was wholly unoccupied and vacant, not settled upon or improved, and that the pipe system had not at the last-mentioned date been in use more than two years.

The court found against the prescriptive right of the defendants.

Judging from the record, and the conclusion is drawn that the rights of the plaintiffs are those of the ordinary locators who divert water for a useful purpose from a stream in this state. In other words, they are appropriators. The defendants, as riparian proprietors upon the same stream, have a right thereto prior in time, and as to the acts complained of are prior in user to any rights of plaintiffs. As against other riparian owners below them on the same stream, defendants have no right to pollute the water to the material injury of the former.

Locators and appropriators of the waters of a stream have no rights antecedent to the date of their location. If others have, prior to their location, decreased the quantity of the water flowing in such stream, or caused a deterioration of its quality, the subsequent locator cannot complain.

Familiar examples of the application of this rule as between appropriators are of frequent occurrence in the mining regions of this state, where water is diverted from flowing streams, upon which mining has destroyed the purity of the water. In such cases the appropriator takes the water with his eyes open—takes it as he finds

it, and as to him the like continued deterioration is *damnum absque injuria.*

Drainage and the discharge of the sewerage from the hotel of the defendants is shown by the evidence to have been necessary in the interest of sanitary conditions, and to have been for ten years accomplished by the only feasible plan of discharging into the ravines contiguous to and upon their own premises.

This was not, nor was its continuance as against subsequent locators and appropriators of the water of the stream, a wrongful act.

"Every person who constructs a drain or cesspool upon his own premises and uses it for his own purposes is bound to keep the filth collected there from becoming a nuisance to his neighbors." (Wood on Nuisances, 3d. ed., sec. 114.)

This doctrine is well settled, and applies as between parties who have equal rights to the enjoyment of their own property, and to be protected from injury arising from the undue use by their neighbors of their property.

In the case of appropriators of running water there is no mutuality of right, their titles or rights are not coextensive as to time, or equal in rank.

The second appropriator simply takes the residuum in quantity, subject to the changed conditions existing by reason of the prior user. If the water of East Twin creek was so contaminated by the acts of defendants as to be detrimental to the public or to individuals living upon the stream below, a very different question would be presented.

But as an individual who should collect the refuse from a slaughteryard and haul it to his home would not be heard to complain that the odor constituted a nuisance, so the locators of this ditch, who have diverted the water of the stream to their homes a mile or more away cannot be heard to complain that the water continues after their diversion, as it was before, noxious to the senses, and unfit for domestic use.

Two results follow from the position assumed:

1. The finding of the court that "the defendant corporation has not any right, and at the time this action was commenced had not acquired any right, to drain or sewer its said premises by conducting its sewerage matter accumulating on said premises, from any source or cause, into East Twin creek," is contrary to the evidence.

2. The conclusions of law and the judgment are unsupported by the findings.

The judgment and the order denying a new trial, and each of them, should be reversed, and a new trial had.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order denying a new trial, and each of them, are reversed, and a new trial ordered.

McFARLAND, J., FITZGERALD, J., GAROUTTE, J.